# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

## MAURICE WILSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 85-W-156      Cheryl Blackburn, Judge**

**No. M2011-01960-CCA-R3-PC - Filed March 15, 2012**

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Maurice Wilson, appeals the trial court's dismissal of his motion to reopen his petition for post-conviction relief. Upon a review of the record, we are persuaded that the trial court was correct in finding that the Petitioner is not entitled to reopen his petition. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rule of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Maurice Wilson, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner is currently incarcerated for a murder conviction and an armed robbery conviction. The Petitioner pled guilty to both offenses and was sentenced to two consecutive terms of life in prison. *State v. Maurice Wilson*, No. 86-94-III, 1986 WL 12474, at *1 (Tenn. Crim. App., at Nashville, November 5, 1986), *perm. app. denied* (Tenn. Jan. 5, 1987). He appealed, contending that convictions for both offenses were barred by double jeopardy and

that the trial judge erroneously ran his sentences consecutively. *Id.* This Court affirmed both the Defendant's convictions and his sentences, and the Tennessee Supreme Court denied his application for permission to appeal. *Id.*

In 1993, the Petitioner petitioned for a writ of habeas corpus, alleging that his sentence was void. *Maurice Wilson v. State*, No. 01C01-9310-CR-00352, 1994 WL 151322, at *1 (Tenn. Crim. App., at Nashville, Apr. 28, 1994), *perm. app. denied* (Tenn. Aug. 29, 2994). He claimed he did not knowingly and voluntarily enter his guilty pleas and that his counsel was ineffective. *Id.* The trial court treated the petition as a petition for post-conviction relief and dismissed it as untimely filed. *Id.* This Court affirmed the trial court's judgment. *Id.* We stated that the judgments were both facially valid. *Id.* Further, we stated that the alleged claims of an involuntary guilty plea and the ineffective assistance of counsel were not cognizable habeas corpus claims but were claims cognizable pursuant to petitions for post-conviction relief. *Id.* The Tennessee Supreme Court denied the Petitioner's application for permission to appeal. *Id.*

In 1999, the Petitioner filed a "motion" in the trial court, stating that a transcript of the guilty plea submission hearing had not been furnished and asking the trial court to order a transcript or grant a new trial. *Maurice Wilson v. State*, 01C01-9708-CR-00348, 2000 WL 14707, at *1 (Tenn. Crim. App., at Nashville, Jan. 7 2000), *perm. app. denied* (Tenn. May 15, 2000). The trial court found this motion failed to allege matters that would allow the reopening of his prior petition and that all of the issues regarding his plea had been previously determined, waived, or barred by the statute of limitations. *Id.* This Court affirmed the trial court's ruling, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. *Id.*

In the appeal currently before us, the Petitioner filed a motion to reopen his post-conviction petition. The trial court found that the Petitioner's claims all focused around one issue: that his guilty plea was not knowingly and voluntarily entered. The trial court further found that the Post-Conviction Act does not permit a post-conviction proceeding to be reopened for a Petitioner to relitigate previous claims.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends, in a variety of ways, that his guilty plea was not knowingly and voluntarily entered and that the trial court erred when it denied his motion to reopen his petition for post-conviction relief.

According to the Post-Conviction Act,

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

T.C.A § 40-30-117(a)(1)-(4) (2006). Further, that statute sets forth the procedural guidelines for the filing of motions to reopen. *See* T.C.A. § 40-30-117(b)-(c) (2006). To avoid dismissal, a claim for relief also must not have been previously determined. T.C.A. § 40-30-106(f), (h) (2006).

We conclude that the Petitioner has not satisfied the exceptions to the statute of limitations or the exceptions for re-opening a previously resolved petition for post-conviction relief. His claims have been waived or previously determined. The Petitioner's claims are procedurally barred under the Post-Conviction Act.

Upon due consideration of the pleadings, the record, and the applicable law, this Court concludes that the Petitioner's motion was properly dismissed. Accordingly, the State's

motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rule of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE